# Exhibit 4



April 5, 2021

Clinton S. Zettle
Brocklegal, PLLC
4325 Windsor Centre Trail, Suite 100
Flower Mound, Texas 75028

Via e-mail: Zettle@brocklegal.com

**<u>Re: Notice of Event of Default related to Performance Assurance requested on March 5, 2021</u>**

Dear Mr. Zettle,

As you are aware Viridity Energy Solutions, Inc. ("Viridity") and Lone Star Demand Response LLC ("LSDR") are parties to an Energy Management Agreement ("EMA") dated April 26, 2017. Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the EMA.

On March 5, 2021, Viridity requested from LSDR Performance Assurance in the amount of $2,941,018.16, stemming from the February emergency event in Texas and LSDR's failure to perform during that event (hereinafter the "Performance Assurance"), pursuant to the EMA's Section 12.14. In Viridity's reasonable discretion, LSDR's "creditworthiness or ability to perform under [the EMA] has become unsatisfactory due to a material adverse change in… financial conditions" directly related to LSDR's unauthorized asset transfer in material breach of the EMA.

LSDR has failed to provide the Performance Assurance after repeated requests by Viridity for same. LSDR's refusal to satisfy the request, a contractual obligation, is based on LSDR's shifting criteria regarding the format of underlying data, which has been provided by Viridity in various forms and on several occasions – namely, on March 5th, 10th, and 29th, 2021. Other information requested by LSDR has been requested from ERCOT by Viridity and will be forwarded to LSDR when it becomes available.

Please note that a request for Performance Assurance per Section 12.14 of the EMA is in no way conditioned upon the provision of any data or information to support such request or what form that data may take, nor is it conditioned upon the Receiving Party's agreement that the request for Performance Assurance is necessary or justified. As outlined in the EMA, the Requesting Party, in this case Viridity, may request Performance Assurance "in its reasonable discretion," and the Receiving Party, LSDR, has three (3) days to provide it "in the form of cash, letter(s) of credit, corporate guarantees, or other security each in form and amount reasonably acceptable to Viridity."

**VIRIDITY ENERGY SOLUTIONS, INC.**
1801 Market Street, Suite 2701, Philadelphia, PA 19103, USA • +1-484-534-2222 • viridityenergy.com

viridityenergy.com

Case 4:21-cv-00419-SDJ   Document 1-4   Filed 06/02/21   Page 3 of 3 PageID #:  58



Section 12.14 further provides that if the Receiving Party does not provide Performance Assurance within ten (10) days of receipt of such request, the Requesting Party shall deem such failure as an Event of Default. That time-frame has lapsed. Additionally, LSDR has not disputed the amount it owes to Viridity; therefore, Viridity considers the amount owed as "undisputed" as it pertains to the default provision in Section 8.1.

This letter serves as official notice to LSDR that Viridity will enforce its rights under the EMA through formal channels if LSDR does not provide Performance Assurance as required pursuant to the terms of the agreement by Friday, April 9, 2021.  Feel free to reach out to me if you have any questions.

Sincerely,

Jessica Woelfel,
Interim General Counsel

Page 2/2