IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VIRIDITY ENERGY SOLUTIONS, INC., | § § § | |
| *Plaintiff*, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-419-SDJ |
| LONE STAR DEMAND RESPONSE, LLC, | § § § | |
| *Defendant.* | § § § | |

**PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT LONE STAR DEMAND RESPONSE**

Pursuant to Federal Rule of Civil Procedure 55(b)(1), Plaintiff Viridity Energy Solutions, Inc. ("Viridity" or "Plaintiff") respectfully requests that the Clerk of this Court (the "Clerk") enter judgment by default against Defendant Lone Star Demand Response, LLC ("Lone Star" or "Defendant"). In support of this motion, Plaintiff shows the following:

### I.   INTRODUCTION

1. In this case, Lone Star has defaulted, the Clerk has entered default against Lone Star, and Viridity now applies for judgment based on Lone Star's default.

2. As demonstrated below all of the statutory prerequisites for the Clerk's entry of default judgment have been satisfied: (1) Plaintiff has certified to personal jurisdiction and service of process and that the Defendant is not an infant, incompetent person, or in active military service of the United States of America or its officers or agents; (2) Defendant did not appear or otherwise defend in this action; (3) the Clerk's default of the Defendant was entered on

September 9, 2021; and (4) the amount claimed is a sum certain in the amount of $3,015,423.21, with an affidavit showing the amount due.

## II. ARGUMENT

**A. Legal Standards for the Clerk's Entry of Default Judgment.**

3. The Fifth Circuit has explained that "[a] *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules[,]" adding that, "[a]fter defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed.R.Civ.P. 55).

4. Where default has been entered against a defendant "the factual allegations in the complaint, except those relating to the amount of damages, will be taken as true." *U.S. Commodity Futures Trading Comm'n v. Total Call Group, Inc.*, 4:10-CV-00513-RAS, 2012 WL 1642196, at *5 (E.D. Tex. Mar. 30, 2012) (citing *Sampson v. Brewer, Michaels & Kane, LLC*, No. 6:09–cv–2114–Orl31 DAB, 2010 WL 2432084, at *1 (M.D.Fla. May 26, 2010)).

5. Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

6. Where a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, an evidentiary hearing is not required to award damages in a default judgment. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) ("The fees could be 'computed with certainty by reference to the pleadings and supporting documents alone,' rendering an evidentiary hearing

unnecessary."); *Tex. Guaranteed Student Loan, Corp. v. Jarrell Fab & Welding, Inc.*, 1:15-CV-246, 2016 WL 1166372, at *4 (E.D. Tex. Feb. 22, 2016), *report and recommendation adopted*, 1:15-CV-246, 2016 WL 1162026 (E.D. Tex. Mar. 23, 2016) (same).

**B. Viridity is entitled to a Default Judgment.**

7. Viridity has satisfied all statutory prerequisites for the Clerk's entry of default judgment against Lone Star under Rule 55(b)(1) of the Federal Rules of Civil Procedure.

***i. Lone Star has defaulted, and the Clerk has entered default.***

8. On June 2, 2021, Viridity filed its Original Complaint (Dkt. 1) (the "Complaint") in the above-styled matter.

9. On July 6, 2021, Viridity, through its Process Server, Vivian Smith of Special Delivery, personally served Summons and Complaint on Lone Star by delivering the documents to its registered agent, United States Corporate Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.[1]

10. Viridity filed Plaintiff's Notice of Service of Plaintiff's Original Complaint (Dkt. 4) in this Court on September 3, 2021.

11. Viridity and Lone Star agreed to extend Lone Star's answer deadline until September 1, 2021, and Lone Star never requested an additional extension of its answer deadline.[2]

12. Lone Star's time to answer or otherwise defend against this action expired under both Rule 12 of the Federal Rules of Civil Procedure and the Parties' agreement to extend Lone Star's answer deadline to September 1, 2021.[3]

---

[1] *See* the attached Affidavit of Benjamin L. Mesches ("Mesches Aff.") at ¶4.
[2] Mesches Aff. at ¶ 7.
[3] Mesches Aff. at ¶¶ 6-8.

**PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT LONE STAR DEMAND RESPONSE** Page 3

13. On September 9, 2021, the Clerk entered default against Lone Star (Dkt. 7).

14. As a domestic limited liability company, Lone Star is neither an infant, incompetent person, nor military service member.[4]

*ii. Viridity's damages are a sum that can be made certain by computation.*

15. Viridity's Complaint alleges that Lone Star breached the Parties' Energy Management Agreement (the "EMA"), which is a valid and enforceable written contract, by failing to defend, indemnify, and hold Viridity harmless for any liability, claim penalty, or other damages incurred by Viridity as a result of Lone Star's failure to perform under Section 3.4 of the EMA.[5]

16. As a result of Lone Star's breach of the EMA, Viridity has incurred damages in the sum certain of $3,015,423.21 ("Contract Damages").[6]

17. Viridity's Contract Damages are for a sum certain or a sum that can be made certain by computation.

18. Viridity incurred $4,592,956.70 in imbalance and reliability charges ("Total February Imbalance Charges") from the Electricity Reliability Council of Texas ("ERCOT") in February 2021.[7]

19. Viridity paid all amounts owed to ERCOT on February 25, 2021.[8]

20. Of the Total February Imbalance Charges, Lone Star was initially responsible to indemnify Viridity under the EMA for $3,383,022.52.[9]

---

[4] Mesches Aff. at ¶ 10.
[5] *See* Viridity's Original Complaint, Dkt. 1 (the "Complaint"), at ¶¶ 38-44.
[6] *See* the attached Affidavit of Mark Misciagna ("Misciagna Aff.") at ¶ 16.
[7] Complaint, at ¶ 21, 23; *see also* Misciagna Aff. at ¶ 11.
[8] Complaint, at ¶ 22; *see also* Misciagna Aff. at ¶ 12.
[9] Misciagna Aff. at ¶¶ 13-14.

**PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT LONE STAR DEMAND RESPONSE**　　　　　　Page 4

21. The $3,383,022.52 initially owed by Lone Star was reduced to $3,015,423.21 by crediting Lone Star for amounts that Plaintiff would have otherwise passed through to Lone Star absent its breach ("Credits").[10]

22. Thus, by subtracting the Credits from the Total February Imbalance Charges owed by Lone Star, Viridity's present Contract Damages of $3,015,423.21 are a sum certain or a sum that can be made certain by computation.[11]

23. Therefore, because the statutory prerequisites have been satisfied for entry of default judgment under Rule 55(b)(1) and there is no material issue of fact that Viridity is entitled to recover $3,015,423.21 in Contract Damages under the EMA, it is appropriate for the Clerk to enter judgment by default against Defendant and award Viridity its Contract Damages.

## PRAYER

WHEREFORE, Viridity requests the Clerk of the Court enter default judgment against Lone Star for the amount of $3,015,423.21 in sum-certain damages in the record, and for such other relief, in law or at equity, to which Viridity is entitled.

Respectfully submitted,

*/s/ Benjamin L. Mesches*
Benjamin L. Mesches
Texas State Bar No. 24032737
Ben.Mesches@haynesboone.com
Leslie C. Thorne
Texas State Bar No. 24046974
Leslie.Thorne@haynesboone.com
Wes Dutton
Texas State Bar No. 24109823

---

[10] Misciagna Aff. at ¶ 15.
[11] Misciagna Aff. at ¶ 16.

Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
214-651-5000 (telephone)
214-200-0463 (facsimile)

**COUNSEL FOR PLAINTIFF VIRIDITY ENERGY SOLUTIONS, INC.**