UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VIRIDITY ENERGY SOLUTIONS, INC. | § § § | |
| v. | § § | CIVIL NO. 4:21-CV-419-SDJ |
| LONE STAR DEMAND RESPONSE, LLC | § § § | |

# **ORDER**

Before the Court is Plaintiff Viridity Energy Solutions, Inc.'s Request for Clerk's Entry of Default Judgment Against Defendant Lone Star Demand Response, LLC, (Dkt. #9), which the Court construes as a motion for the Court to enter default judgment.[1] In the motion, Viridity requests $3,015,423.21 in damages for breach of contract. The Court needs additional information before it can rule on the motion.

As an initial matter, Viridity has provided the Court with two different damages amounts. In the complaint, Viridity states that it seeks $3,009,078.25. (Dkt. #1 ¶¶ 25–26). In its motion for default judgment, Viridity requests $3,015,423.21. (Dkt. #9 ¶ 16). According to the supporting affidavit from Mark Misciagna, a Financial Analyst for Viridity, "any discrepancy between the amount sought in the Complaint . . . and the amounts Viridity currently seeks in its Motion for Entry of Default Judgment reflect the addition and subtraction of Lone Star's monthly Net Credit Settlement amounts since March 2021." (Dkt. #9-2 ¶ 15 n.5). But

---

[1] The Clerk of the Court referred Viridity's motion to the Court because the amount demanded in the motion is greater than that set forth in the complaint. The Clerk did so in accordance with Federal Rule of Civil Procedure 54(c), which requires that a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings."

1

Federal Rule of Civil Procedure 54(c), which Viridity does not address, requires that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See also Loyal Am. Life Ins. Co. v. Bene Mkt. LLC*, No. 1:18-CV-408-RP, 2020 WL 12176163, at *5 (W.D. Tex. Dec. 2, 2020) ("[T]he relief requested in a plaintiff's complaint limits the relief available in a default judgment.").

Moreover, the documentation Viridity has submitted to date does not support either the amount of damages sought in the complaint or the amount sought in the motion. In the context of a default judgment, damages are normally not awarded without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). But this general rule does not apply—that is, a hearing is unnecessary—when the amount of damages can be determined with a mathematical calculation using the information from the pleadings and supporting documents. *Id.* Viridity asserts that it is owed damages in a sum that can be made certain by computation and, therefore, that no hearing on damages is necessary. The Court finds that the documentation Viridity submitted is insufficient to support the computation of the damages it seeks for two reasons.

First, Misciagna states in his affidavit that Viridity "incurred $4,592,956.70 in imbalance and reliability charges . . . from [the Electrical Reliability Council of Texas ("ERCOT")] in February 2021" and that Viridity "paid all outstanding amounts owed to ERCOT on February 25, 2021." (Dkt. #9-2 ¶¶ 11–12). But the documents Misciagna relies upon do not appear to support these assertions, at least on the face of the documents, and neither the default-judgment motion nor the affidavit provides a

2

sufficient explanation. In support of the former assertion, Viridity attached a Real-Time Market Statement from ERCOT. That statement shows the "billable amount" as $4,592,956.70, but the "billed amount" is only $4,555,460.39. (Dkt. #9-2 at 33). In support of the latter assertion, Viridity attached a Settlement Invoice from ERCOT and a statement evidencing payment to ERCOT. The invoice shows that Viridity owed ERCOT only $1,348,896.34, (Dkt. #9-2 at 35), and the checking account statement shows that Viridity only wired ERCOT that sum, (Dkt. #9-2 at 37). Viridity does not provide any explanation or further documentation regarding the remaining amounts it allegedly owed to ERCOT. Such explanation is critical for the Court to understand why Viridity seeks more than $3,000,000 from Lone Star.

Second, an exhibit to the complaint shows that the portion of the February imbalance charges attributable to Lone Star is $3,383,936.97. (Dkt. #1-5 at 2). In an exhibit to the default-judgment motion, by contrast, the portion of the imbalance charges attributable to Lone Star is $3,383,022.52. (Dkt. #9-2 at 50). Viridity does not address this discrepancy.[2] The portion of the imbalance charge attributable to Lone Star is crucial to the damages calculation.

It is therefore **ORDERED** that, on or before **June 29, 2022**, Viridity must submit to the Court a supplemental brief of no more than five pages, along with any additional supporting documentation, clarifying the amount of damages Viridity

---

[2] Although Misciagna states that discrepancies between the amount sought in the complaint and the amount sought in the motion are due to the addition and subtraction of Lone Star's monthly Net Credit Settlement amounts since March 2021, these amounts do not appear to impact the February imbalance charge, which is the starting point for the calculation.

3

seeks and addressing the issues related to calculating Viridity's damages discussed in this order. Once the Court has reviewed the supplemental documentation, the Court will determine whether an evidentiary hearing on damages is necessary.

**So ORDERED and SIGNED this 15th day of June, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE