IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VIRIDITY ENERGY SOLUTIONS, INC., | § § § § | |
| *Plaintiff*, | | |
| VS. | § § § § § § § | CIVIL ACTION NO. 4:21-CV-419-SDJ |
| LONE STAR DEMAND RESPONSE, LLC, | | |
| *Defendant.* | | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT
<u>AGAINST DEFENDANT LONE STAR DEMAND RESPONSE</u>**

[*The remainder of this cover page is left intentionally blank.*]

Plaintiff Viridity Energy Solutions, Inc. ("Viridity" or "Plaintiff") files this Supplemental Brief (the "Supplemental Brief") Pursuant to this Court's June 15, 2022, Order (the "Order").

**I.    Viridity's Contract Damages Do Not Differ in Kind from, or Exceed in Amount, the Damages Demanded in Viridity's Original Complaint.**

As explained in more detail in the Affidavit of Mark Misciagna in Support of Plaintiff's Supplemental Brief (the "Supplemental Affidavit"), attached hereto, Viridity reviewed its records in response to this Court's Order to ensure that Viridity was correctly applying ERCOT's published market settlement data in determining Viridity's contract damages against Lone Star.[1] Viridity determined that the discrepancy in contract damages noted by this Court was the result of improper rounding errors which occurred when Viridity extracted ERCOT's XML-based market settlement data and converted that XML-based data into Viridity's Excel-based business records.[2] Viridity has thus corrected those rounding errors in Exhibit A to the Supplemental Affidavit and confirmed that $3,382,948.46 in Total Imbalance Charges are correctly attributed to Lone Star's failure to meet its contractual obligation to deliver 90 Megawatts ("MW") of capacity through Lone Star's participating customers during each hour of the day on February 15, 2021 (the "Operating Day").[3]

By applying the January, February, and March Net Credit Settlements described in Viridity's Original Complaint ($269,666.14, $101,472.56, and $3,720.02, respectively) to the corrected amount of Total Imbalance Charges for which Lone Star is responsible ($3,382,948.46), Viridity calculates its present contract damages as $3,008,089.74 (the "Contract

---

[1] *See* Supplemental Affidavit at ¶¶ 8, 15, 24-28 (explaining that "for QSEs like Viridity with the task of allocating charges and credits to specific resources, ERCOT publishes the data behind its settlement calculations, which in-turn allows QSEs to validate ERCOT's settlement calculations and allocate the charges and credits to the corresponding resources.").
[2] Supplemental Affidavit at ¶ 27.
[3] Supplemental Affidavit at ¶ 28.

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF**
**PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT**
**AGAINST DEFENDANT LONE STAR DEMAND RESPONSE**                                Page 1

Damages").[4]  To clarify the significance of the January, February, and March Net Credit Settlements, these amounts reflect the net amount owed to Lone Star by Viridity for *all transactions* during the months of January, February, and March of 2021, with the exception of Lone Star's share of the Total Imbalance Charges incurred on the Operating Day (February 15, 2021).[5]  In other words, the January, February, and March Net Credit Settlements are not related to the Total Imbalance Charges incurred on the Operating Day; while Viridity credited Lone Star for these unrelated transactions in the Original Complaint, it had no legal obligation to do so and could have properly sought to recover the full amount of Total Imbalance Charges attributable to Lone Star.

Nonetheless, having corrected the slight rounding error in its business records allocating the precise amount of Total Imbalance Charges for which Lone Star is responsible, and applying the identical January, February, and March Net Credit Settlements from its Original Complaint, Viridity's Contract Damages of $3,008,089.74 do "not differ in kind from, or exceed in amount" the damages alleged in Viridity's Original Complaint, as required by Federal Rule of Civil Procedure 54(c).  Likewise, Viridity's present Contract Damages of $3,008,089.74 are actually less than the total contract damages of $3,009,078.25 that Viridity alleged in its Original Complaint.  As a result, Rule 54(c) does not preclude this Court from awarding Viridity a judgment for the full amount of its present Contract Damages, $3,008,089.74. *Ditech Fin., L.L.C. v. Naumann*, 742 Fed. Appx. 810, 814 (5th Cir. 2018) ("A prayer for breach-of-contract damages will allow recovery of breach-of-contract damages upon default, even if the exact dollars and cents were not computed and pleaded in advance."); *see also Henry v. Sneiders*, 490 F.2d 315,

---

[4] Supplemental Affidavit at ¶¶ 29-30. For comparison, Viridity's present Contract Damages of $3,008,089.74 are slightly less than the $3,009,078.25 in damages that Viridity pled in the Original Complaint.  *See* Dkt. #1 at 10.
[5] Supplemental Affidavit at ¶ 29.

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT LONE STAR DEMAND RESPONSE**                Page 2

317 (9th Cir. 1974) (affirming default judgment of $235,338.89 despite the complaint containing a prayer for $71,243.68, reasoning that "plaintiff prayed for additional damages for breach of contract, the amount of which was to be proved at trial.").

## II. Viridity Waives Any Entitlement to Additional Amounts Attributable to Post-Complaint ERCOT Net Credit Settlements.

Viridity's Request for Clerk's Entry of Default Judgment (Dkt. #9) took into account post-Complaint additional Net Credit Settlements between Viridity and Lone Star acknowledged by ERCOT for the months of April, May, June, July, and August of 2021.[6] Because negative amounts in some of these later Net Credit Settlements reduced the offset available to Lone Star under the Net Credit Settlements for January, February, and March of 2021, the additional Net Credit Settlements increased the total damages Viridity sought in its Request for Clerk's Entry of Default Judgment to an amount which exceeded the damages Viridity alleged in its Original Complaint.[7] Viridity included these additional Net Credit Settlements in its Request for Default Judgment simply because Viridity referenced earlier Net Credit Settlements in its Original Complaint; by referencing them in its Request, Viridity did not intend to increase its demand for damages beyond an amount that this Court could award under Rule 54(c).

Because the transactions between Viridity and Lone Star in these Net Credit Settlements do not directly relate to the amount of Total Imbalance Charges attributable to Lone Star, this Court may disregard any Net Credit Settlements which were not referenced in Viridity's Original Complaint and Viridity hereby waives any right it may have to take these amounts into account.

## III. Viridity's Payments to ERCOT Reflect Credits from Unrelated Transactions.

---

[6] *See* Dkt. #9-2 at 4, 50.
[7] *Compare* Dkt. #9-2 at 4 *with* Dkt. #1 at 10.

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT
<u>AGAINST DEFENDANT LONE STAR DEMAND RESPONSE</u>**                Page 3

This Court's Order expressed uncertainty as to why Viridity's payments to ERCOT did not equal the imbalance charges that Viridity seeks to recover from Lone Star. As explained in the Supplemental Affidavit, any discrepancy between amounts Viridity paid to ERCOT and amounts Viridity seeks to recover from Lone Star reflect credits for unrelated transactions between Viridity and ERCOT.[8] For example, the difference between the "Billed Amount" and "Billable Amount" that this Court observed in ERCOT's Real-Time Market Statement for the Operating Day reflects a credit of $37,496.31 for "Real-Time Energy," which is a service unrelated to the "Real-Time Ancillary Services" which included the imbalance charges attributable to Lone Star.[9] Likewise, the "Net Amount Owed" by Viridity in ERCOT's Settlement Invoice from April 20, 2021, includes credits for "DAM Statements Subtotal" which are completely unrelated to the $41,952 Resettlement Statement for the Operating Date.[10]

Accordingly, the fact that Viridity's payments to ERCOT do not exactly match the Total Imbalance Charges does not reduce Viridity's present Contract Damages against Lone Star; Viridity's payments to ERCOT are offset by credits from transactions which are completely unrelated to the Total Imbalance Charges ERCOT assessed for the Operating Day.

**IV.    An Evidentiary Hearing is Not Necessary to Award Viridity a Default Judgment.**

As this Court noted in its Order, the Fifth Circuit Court of Appeals has stated that an evidentiary hearing is not necessary to support an award of damages on default judgment "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Viridity's Supplemental Affidavit and related attachments demonstrate that Viridity's present Contract Damages of $3,008,089.74 are "capable

---

[8] Supplemental Affidavit at ¶¶ 17-20.
[9] Supplemental Affidavit at ¶¶ 17-20.
[10] Supplemental Affidavit at ¶ 22 (citing to Exhibit E of the Supplemental Affidavit).

of mathematical calculation." As described in the Supplemental Affidavit, Exhibit A to the Affidavit demonstrates how Viridity was able to allocate the exact amount of Total Imbalance Charges attributable to Lone Star's individual participating customers during any given 15-minute interval during the Operating Day.[11] This Court is thus well within its discretion to award Viridity its present Contract Damages of $3,008,089.74 (or a lesser amount that the Court deems appropriate) without first conducting an evidentiary hearing. *See James*, 6 F.3d at 310 (Rule 55(b)(2) "explicitly grants the district court wide latitude[,]" including discretion to award additional collection fees and attorneys' fees without first conducting an evidentiary hearing)

### PRAYER

Viridity therefore requests the Court enter default judgment against Lone Star in the amount of $3,008,089.74 in sum-certain damages in the record, and for such other relief, in law or at equity, to which Viridity is entitled.

Respectfully submitted,

*/s/ Benjamin L. Mesches*
Benjamin L. Mesches (Texas State Bar No. 24032737)
Ben.Mesches@haynesboone.com
Leslie C. Thorne (Texas State Bar No. 24046974)
Leslie.Thorne@haynesboone.com
Wes Dutton (Texas State Bar No. 24109823)
Wes.Dutton@haynesboone.com

Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
214-651-5000 (telephone)
214-200-0463 (facsimile)

**COUNSEL FOR PLAINTIFF VIRIDITY ENERGY SOLUTIONS, INC.**

---

[11] Supplemental Affidavit at ¶¶ 14-16, 24-30.

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT LONE STAR DEMAND RESPONSE**      Page 5